**Fill in this information to identify your case:**

United States Bankruptcy Court for the:
MIDDLE DISTRICT OF LOUISIANA

Case number (if known): _____    Chapter **11**

☐ Check if this an amended filing

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy         06/24

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | **Red Horse Infrastructure Group LLC** |
| 2. | **All other names debtor used in the last 8 years** Include any assumed names, trade names and *doing business as* names | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 82-1506931 |

| 4. | **Debtor's address** | **Principal place of business** | **Mailing address, if different from principal place of business** |
|---|---|---|---|
| | | **501 Government Street** <br> **Baton Rouge, LA 70802** <br> Number, Street, City, State & ZIP Code | **711 Dr. Carver Street** <br> **Ville Platte, LA 70586-5113** <br> P.O. Box, Number, Street, City, State & ZIP Code |
| | | **East Baton Rouge** <br> County | **Location of principal assets, if different from principal place of business** <br> _____ <br> Number, Street, City, State & ZIP Code |

| 5. | **Debtor's website** (URL) | |
|---|---|---|

| 6. | **Type of debtor** | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) <br> ☐ Partnership (excluding LLP) <br> ☐ Other. Specify: _____ |
|---|---|---|

Debtor **Red Horse Infrastructure Group LLC**     Case number (*if known*) _____
     Name

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

    **2362**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7
☐ Chapter 9
■ Chapter 11. *Check **all** that apply*:

    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ■ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

■ No.
☐ Yes.

| | District | When | Case number |
|---|---|---|---|
| | _____ | _____ | _____ |
| | _____ | _____ | _____ |

Debtor **Red Horse Infrastructure Group LLC** _____   Case number (*if known*) _____
     Name

| | | |
|---|---|---|
| **10.** | **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?** | ■ No<br>☐ Yes. |

List all cases. If more than 1, attach a separate list

Debtor _____   Relationship _____
District _____   When _____   Case number, if known _____

| | | |
|---|---|---|
| **11.** | **Why is the case filed in *this district*?** | Check all that apply:<br>■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.<br>☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district. |

| | | |
|---|---|---|
| **12.** | **Does the debtor own or have possession of any real property or personal property that needs immediate attention?** | ■ No<br>☐ Yes.  Answer below for each property that needs immediate attention. Attach additional sheets if needed.<br>**Why does the property need immediate attention?** (*Check all that apply.*)<br>☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.<br>   What is the hazard? _____<br>☐ It needs to be physically secured or protected from the weather.<br>☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).<br>☐ Other _____<br>**Where is the property?** _____<br>   Number, Street, City, State & ZIP Code<br>**Is the property insured?**<br>☐ No<br>☐ Yes.  Insurance agency _____<br>       Contact name _____<br>       Phone _____ |

**Statistical and administrative information**

| | | |
|---|---|---|
| **13.** | **Debtor's estimation of available funds** | Check one:<br>■ Funds will be available for distribution to unsecured creditors.<br>☐ After any administrative expenses are paid, no funds will be available to unsecured creditors. |

| | | | | |
|---|---|---|---|---|
| **14.** | **Estimated number of creditors** | ■ 1-49<br>☐ 50-99<br>☐ 100-199<br>☐ 200-999 | ☐ 1,000-5,000<br>☐ 5001-10,000<br>☐ 10,001-25,000 | ☐ 25,001-50,000<br>☐ 50,001-100,000<br>☐ More than100,000 |

| | | | | |
|---|---|---|---|---|
| **15.** | **Estimated Assets** | ☐ $0 - $50,000<br>☐ $50,001 - $100,000<br>■ $100,001 - $500,000<br>☐ $500,001 - $1 million | ☐ $1,000,001 - $10 million<br>☐ $10,000,001 - $50 million<br>☐ $50,000,001 - $100 million<br>☐ $100,000,001 - $500 million | ☐ $500,000,001 - $1 billion<br>☐ $1,000,000,001 - $10 billion<br>☐ $10,000,000,001 - $50 billion<br>☐ More than $50 billion |

| | | | | |
|---|---|---|---|---|
| **16.** | **Estimated liabilities** | ☐ $0 - $50,000 | ■ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |

Debtor  **Red Horse Infrastructure Group LLC**                                                      Case number (*if known*)
　　　　Name

|  |  |  |
|---|---|---|
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

Debtor  **Red Horse Infrastructure Group LLC**     Case number (*if known*) _____
Name

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **February 24, 2025**
MM / DD / YYYY

X **/s/ Melissa Burgess**      **Melissa Burgess**
Signature of authorized representative of debtor    Printed name

Title **Independent Testamentary Executor**

**18. Signature of attorney**

X **/s/ Ryan J. Richmond**      Date **February 24, 2025**
Signature of attorney for debtor      MM / DD / YYYY

**Ryan J. Richmond**
Printed name

**Sternberg, Naccari & White, LLC**
Firm name

**450 Laurel Street**
**Suite 1450**
**Baton Rouge, LA 70801**
Number, Street, City, State & ZIP Code

Contact phone **(225) 412-3667**    Email address **ryan@snw.law**

**30688 LA**
Bar number and State

## 19TH JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

## STATE OF LOUISIANA

PROBATE No.: **P-109537**                                   DIVISION **23**

## IN THE MATTER OF THE SUCCESSION OF JC CEASER

### LETTERS TESTAMENTARY

**THIS SHALL CERTIFY,** to whom it may concern, that a petition was made to this Honorable Court for the Parish of East Baton Rouge, praying that the succession of the decedent, JC Ceaser, be subject to an independent administration pursuant to La. C.C.P. Art. 3396—3396.20, and that Melissa Burgess be confirmed as Independent Testamentary Executor.

Melissa Burgess has been and is hereby duly confirmed as the Independent Testamentary Executor of the Succession of JC Ceaser and has fulfilled all requisites of law. Therefore, Melissa Burgess, as Independent Testamentary Executor, is fully authorized to act on behalf of the succession without the necessity of application, delay for objection, or any action in and by the Court as provided by La. C.C.P. Art. 3396—3396.20 and other applicable law.

**IN WITNESS WHEREOF,** these Letters Testamentary are issued in the name and under the seal, 19th Judicial District Court for the Parish of East Baton Rouge, Louisiana, this **03** day of **May**, 20**21**.

_____
**DEPUTY CLERK** *(signed: Magan Harris)*
19TH JUDICIAL DISTRICT COURT

19TH JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

PROBATE No.: _____                                              DIVISION _____

IN THE MATTER OF THE SUCCESSION OF JC CEASER

ORDER

Considering the foregoing "Petition To File And Probate Notarial Testament And To Appoint Independent Executor," and finding the law and evidence in support thereof:

**IT IS ORDERED** that the decedent's notarial testament dated March 14, 2021, shall be filed in the Office of the Clerk of Court of the Parish of East Baton Rouge, Louisiana, and executed according to law.

**IT IS ORDERED** that Melissa Burgess is hereby confirmed as Independent Testamentary Executor of the decedent's succession without bond.

**IT IS ORDERED** that the decedent's succession be subject to an independent administration pursuant to La. C.C.P. Art.3396 - 3396.20.

**IT IS ORDERED** that Letters Testamentary be issued to Melissa Burgess.

**JUDGMENT READ AND SIGNED** on this the __28__ day of __April__, 20__21__, in __Baton Rouge__, Louisiana.

*William A Morvant*

_____
**JUDGE, 19TH JUDICIAL DISTRICT COURT**

# UNANIMOUS WRITTEN CONSENT
# OF
# THE SOLE MEMBER
# OF
# RED HORSE INFRASTRUCTURE GROUP LLCP

The Succession of JC Ceaser ("Member"), holder of 100% of the outstanding equity securities of Red Horse Infrastructure Group LLC (the "Company"), through Melissa Burgess, Independent Testamentary Executor of the Succession of JC Ceaser, hereby agrees and consents to the adoption of the following resolutions (the "Resolutions") effective as ofSunday, February 9, 2025:

**RESOLVED** that, the undersigned, who is the Independent Testamentary Executor of the sole member of the Company and who represent 100% of the Company's voting interests, has determined that it is advisable and in the best interests of the Company that the Company file a voluntary petition seeking relief under Subchapter V of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), in which reorganization of the Company will be sought; and the filing of such petition be, and it hereby is, authorized in all respects.

**RESOLVED** that Melissa Burgess, Independent Testamentary Executor of the Succession of JC Ceaser, be and is hereby appointed as the authorized signatory (the "Authorized Signatory") of the Company in connection with the Subchapter V proceedings authorized herein.

**RESOLVED** that the Authorized Signatory be, and is hereby authorized, empowered and directed for, and in the name of, and on behalf of, the Company to execute, deliver and verify or certify a petition under Subchapter V of Chapter 11 of the Bankruptcy Code and to cause the same to be filed in the United States Bankruptcy Court for the Middle District of Louisiana (the "Bankruptcy Court") at such time as the Authorized Signatory executing the same shall determine.

**RESOLVED**, that the Authorized Signatory be, and is hereby authorized, empowered and directed for, and in the name of, and on behalf of, the Company to execute and file all petitions, schedules, lists, pleadings and other papers, and any amendments or modifications of the above, and to take any and all actions that the Authorized Signatory may deem necessary, proper or desirable in connection with the Subchapter V case.

**RESOLVED**, that Sternberg, Naccari & White, LLC ("Sternberg") be and it is hereby employed to render legal services to, and to represent the Company in connection with the Subchapter V bankruptcy case as set forth in Sternberg's engagement agreement and any other related matters in connection therewith, on such terms as the Authorized Signatory shall approve.

**RESOLVED**, that the Company shall provide Sternberg with a retainer of $16,738.00, which consists of a legal services retainer of $15,000.00 for Sternberg's attorneys' fees and costs and the applicable Chapter 11 filing fee of $1,738.00.

**RESOLVED**, that to the extent any equity security holder of the Company has paid or does pay all or a portion of Sternberg's retainer, such payment(s) shall not be considered a loan to the Company, but rather a contribution to equity.

*[Signed: MB]*

**RESOLVED**, that an Authorized Signatory be, and is hereby authorized, empowered, and directed for, on behalf of, and in the name of, the Company to retain and employ other attorneys, investment bankers, accountants, restructuring professionals, financial advisors, and other professionals to assist in the Company's Chapter 11 case on such terms as are deemed necessary, proper, or desirable.

**RESOLVED**, that the Authorized Signatory and any employees or agents (including counsel) designated by or directed by the Authorized Signatory, be, and is hereby authorized, empowered and directed to cause the Company to enter into, execute, deliver, certify, file, record, and perform such agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities certificates or other documents, and to take such other actions, as in the judgment of an Authorized Signatory shall be necessary, proper, desirable and consistent with the foregoing resolutions and to carry out and put into effect the purposes of the foregoing resolutions, and the transactions contemplated by these resolutions, their authority thereunto to be evidenced by the taking of such actions.

**RESOLVED** that the Authorized Signatory be, and is hereby authorized, empowered and directed to cause all fees, costs and expenses related to the consummation of the transactions contemplated by the foregoing resolutions, which any of the Authorized Signatory determines to be necessary or appropriate in order to effectuate the general intent of the foregoing resolutions, the payment of such fees, costs and expenses being conclusive evidence of such authority.

**RESOLVED** that the Authorized Signatory be, and is hereby authorized, empowered and directed to execute and deliver any and all documents and instruments deemed necessary or appropriate by the Authorized Signatory, and to take any and all such further action, in the name of and on behalf of the Company, which the Authorized Signatory determines to be necessary or appropriate in order to effectuate the general intent of the foregoing resolutions, the signature of the Authorized Signatory being conclusive evidence of such authority.

**RESOLVED** that the Authorized Signatory be and is hereby authorized, empowered, and directed for, and on behalf of, and in the name of, the Company to amend, supplement, or otherwise modify from time to time the terms of any documents, certificates, instruments, agreements, or other writings referred to in the foregoing Resolutions.

**RESOLVED**, that all actions heretofore or hereafter taken by the Authorized Signatory, employee, or agent (including counsel) of the Company within the terms of the foregoing resolutions be and they are hereby ratified, confirmed, authorized, and approved as the act and deed of the Company.

**RESOLVED**, that the Authorized Signatory, be, and is hereby authorized and empowered to certify on behalf of the Company, as to all matters pertaining to the acts, transactions or agreements contemplated in any of the foregoing resolutions.

**RESOLVED**, that the undersigned members and managers acknowledge and agree that Sternberg has made no promise or guarantee regarding the outcome of any legal matter.

**RESOLVED**, that the undersigned members and managers acknowledge that Sternberg does not represent them, individually, but rather that Sternberg represents the Company, a separate

2



and distinct juridical person, and thus, it may be in undersigneds' best interests to retain separate legal counsel, individually.

**RESOLVED**, that the undersigned members and managers are aware of and acknowledge that they may be the subject of actions under Chapter 5 of the Bankruptcy Code and/or non-bankruptcy law, and thus, it may be in their best interests to retain legal counsel, individually.

**RESOLVED**, that the undersigned is aware of and acknowledges that the automatic stay under § 362(a) of the Bankruptcy Code does not extend to them, and thus, (i) creditors may pursue actions against insiders and affiliates of the Company to the extent they are co-obligors or guarantors of the Company and (ii) if Company requests that Sternberg seek an extension of the automatic stay to the undersigned, the likelihood of obtaining such relief is extremely low because bankruptcy courts historically do not extend the automatic stay to non-debtors.

**READ AND AGREED TO**:

**SUCCESSION OF JC CEASER**

*DocuSigned by:*
*Melissa Burgess*
By: Melissa Burgess
Its: Independent Testamentary Executor

Date: 2/9/2025

3

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF LOUISIANA**
**(Local Form 1)**

In re **Red Horse Infrastructure Group LLC**     Case No. _____

Debtor(s)

# MAILING LIST

## Verification

Penalties for making a false statement or for concealing property are a fine of up to $5000.00 or imprisonment for up to five (5) years, or both. (18 U.S.C. §152 and 3571).

## DECLARATION

**We declare under penalty of perjury that the foregoing mailing list, comprising  3  pages, is true and correct. Signed on  February 24, 2025 .**

Signed: **/s/ Melissa Burgess**
**Melissa Burgess**
**Independent Testamentary Executor**

Signed: **/s/ Ryan J. Richmond**
**Ryan J. Richmond**
**Sternberg, Naccari & White, LLC**
**450 Laurel Street**
**Suite 1450**
**Baton Rouge, LA 70801**
Telephone: **(225) 412-3667**
Facsimile: **(225) 286-3046**
E-Mail: **ryan@snw.law**
(ATTORNEY FOR THE DEBTOR)

```
Archie L. Jones
10632 Hillshire Avenue
Baton Rouge, LA 70810

Birdgewater Holdings, LLC
14224 Cloverhill Boulevard
Baton Rouge, LA 70809

Catepillar Financial Services
2120 West End Avenue
Nashville, TN 37203

Citizens Bank & Trust Company
57910 Main Street
Plaquemine, LA 70764

David S. Rubin
Butler Snow, LLP
445 North Boulevard, Suite 300
Baton Rouge, LA 70802

Essential Federal Credit Union
P.O. Box 738
Plaquemine, LA 70765

Eugene Fontenot
700 W. Lasalle Street
Ville Platte, LA 70586

Field Law LLC
616 Perkins Road
Baton Rouge, LA 70808

Field Law LLC
P.O. Box 14655
Baton Rouge, LA 70898

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

James R. Austin
Butler Snow, LLP
445 North Boulevard, Suite 300
Baton Rouge, LA 70802

Lacey Rochester
100 Light Street
19th Floor
Baltimore, MD 21202

Laura E. Marcantel
8034 Jefferson Highway
Baton Rouge, LA 70809
```

```
Louisiana Department of Revenue
P.O. Box 66658
Baton Rouge, LA 70896-6658

Madison Pointe GP, LLC
204 N. Cedar Street
Tallulah, LA 71282

Madison Pointe LLC
232 Lobdell Avenue
Baton Rouge, LA 70806

Office of the U.S. Trustee
600 S. Maestri Place
Suite 840-T
New Orleans, LA 70130

Small Business Administration
365 Canal Street
New Orleans, LA 70130

Sompo International
12222 Merit Drive
Suite 950
Dallas, TX 75251

Sompo International
7101 82nd Street
Lubbock, TX 79424

Succession of JC Ceaser
711 Dr. Carver Street
Ville Platte, LA 70586-5113

U.S. Attorney
Middle District of Louisiana
777 Florida Street, Suite 208
Baton Rouge, LA 70801

U.S. Small Business Administration
365 Canal Street
Suite 2820
New Orleans, LA 70130

U.S. Small Business Administration
500 Poydras Street
Suite 828
New Orleans, LA 70130

U.S. Small Business Administration
200 West Santa Ana Blvd.
Suite 740
Santa Ana, CA 92701
```

```
Valeria L. Smith
10064 Avenue G
Baton Rouge, LA 70807

Ville Plate Peach Street Initiative LLC
700 W. Lasalle Street
Ville Platte, LA 70586
```